UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In re: | § | |
| CHARLOTTE LILLIAN TYLER-DAY | § | |
|    SSN: xxx-xx-1631 | § | |
| | § | Case No. 17-60616 |
| and | § | |
| | § | |
| WILLIAM PAUL DAY | § | |
|    SSN: xxx-xx-8836 | § | |
| 224 CR 1328 | § | Chapter 13 |
| Rusk, Texas 75785 | § | |
|    Debtors | § | |

DEBTORS' OBJECTION TO AMENDED PROOF OF CLAIM NUMBER 6
FILED BY WILMINGTON SAVINGS FUND SOCIETY, FSB,
AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST

**30-DAY NEGATIVE NOTICE – LBR 3007(b):**

**ATTENTION: YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.** Accordingly, you should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not wish for the Court to eliminate or change your claim, you must file a written response opposing the claim objection, explaining the factual and/or legal basis for that response.

No hearing will be conducted on this claim objection unless a written response in opposition is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN THIRTY (30) DAYS FROM THE DATE OF SERVICE* listed in the certificate of service unless the Court shortens or extends the time for filing such response. If no response in opposition is timely served and filed, this claim objection shall be deemed to be unopposed, and the Court may enter an order sustaining the objection to your claim. If a response in opposition is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your response in opposition may be stricken. The Court reserves the right to set a hearing on any matter.

1

COMES NOW William Paul Day and Charlotte Lillian Tyler-Day, Debtors in the above-referenced case and file this their Objection to the Amended Proof of Claim No. 6 filed by Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust (Exhibit A) based on laches and res judicata and shows as follows:

1. On August 24, 2017, an original petition for reorganization in bankruptcy pursuant to chapter 13 was properly served on claimant's predecessor in interest, CitiFinancial along with a plan of reorganization which scheduled the debt the subject of this proof of claim at approximately $27,375.00. Service of the petition and plan of reorganization to CitiFinancial was made at the following addresses: CitiFinancial 605 Munn Rd., Fort Mill, SC 29715 and Citifinancial Servicing LLC 1000 Technology Drive, O'Fallon MO 63368.

2. Debtors are represented by Lone Star Legal Aid. Their first attorney, Velimir Rasic was officed in the Lone Star Legal Houston location. During Hurricane Harvey, the Houston location suffered serious fire damage which necessitated transfer of their case to the undersigned attorney. The plan of reorganization was amended for the sake of clarity and filed and served on October 9, 2017. Service was made to CitiFinancial and Citifinancial Servicing LLC at the addresses listed above. Service was also made through the creditors' matrix.

3. Notice of debtor's bankruptcy and plan of reorganization was given to all creditors pursuant to Federal Rules of Bankruptcy Procedure 2002 (g)(2).

4. After debtors informed their lawyer that they were still being dunned for certain of their debts, notice of the bankruptcy filing, including the case number and automatic

stay was sent to those creditors and agents including Carrington Mortgage Services, LLC, between September 8, 2017 and November 7, 2017.

5. Notice to Carrington Mortgage Services LLC 's was sent on November 7, 2017. Carrington Mortgage subsequently filed the amended proof of claim number 6 the subject of this objection eleven months later.

6. On November 15, 2017, a notice of appearance was filed by Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust (hereinafter referred to as Wilmington) requesting notice be sent in care of Mr. Alonzo Z. Casas. From that point forward Wilmington, in care of Mr. Alonso Z. Casas, was added it to the creditors' matrix and all subsequent filings were served at that address.

7. The confirmation hearing was held November 16, 2017, and debtors' plan was confirmed. An Order Confirming Debtor's Plan of Reorganization was signed on November 28, 2017. Debtors' plan modified the creditors claim, allowing the debtors to pay off the balance, they based on correspondence they received from Carrington Mortgage, LLC, (Exhibit B) over time with present value interest, as allowed under section 11 USC 1322 (b) (2) of the bankruptcy code. The debt, the subject of this objection, is not exempt from modification because the last payment is due on this obligation before the expiration of debtors' bankruptcy plan of re-organization. The plan reads in relevant part that, "upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the court." No objection was filed.

8. Examination of Wilmington's amendments to proof of claim number 6 shows that assignment of Deed of Trust securing the loan the subject of this proof of claim by CitiFinancial, Inc to Citifinancial Servicing LLC and then from Citifinancial Servicing LLC to Wilmington was executed on December 13, 2017. This transaction was recorded in the deed records of Cherokee county, the location of the property the subject of this proof of claim, on December 27, 2017. Until Wilmington filed their amendment to the debtors' amended proof of claim number 6 on October 30, 2018, no notice was provided to debtor of Wilmington's ownership of this claim.

9. The bar date for creditors to file proofs of claims expired on January 1, 2018. When no proof of claim was filed by a mortgage creditor, the debtor filed one on behalf of CitiFinancial on January 10, 2018, designated as Proof of Claim No. 6. Service of Proof of Claim No. 6 was made on Wilmington, according to their November 15, 2017, notice of appearance; Citifinancial and Citifinancial Servicing, LLC at the same address as their service information contained in their assignment of deed; and Carrington Mortgage Services, LLC at the address that notice of the automatic stay was given.

10. The Trustee's reconciliation concerning claims was filed on May 4, 2018. The local rules (3015-1 (g)7) require that this document be served on the creditors' matrix which includes those entities who have filed notices of appearance. Despite the fact that Wilmington was again advised of the debtor's treatment of their claim, again they failed to object to debtors' proof of claim.

11. The debtors amended Proof of Claim No. 6 to clarify the amount required to satisfy the claim on July 18, 2018. Service of the Amended Proof of Claim No. 6 was made on the same entities and in the same manner as the original Proof of Claim No. 6. Again, no request to extend the time for objection or objection to the amended claim was made.

12. Creditor Wilmington's end of October 2018 amendment to Proof of Claim No. 6 should be disallowed as to the amount claimed for the following reasons: First, at all times all parties received adequate notice of the debtors' proposed treatment of the debt the subject of this Proof of Claim No. 6. The debtor's plan on reorganization was confirmed without objection. Secondly, their predecessors in interest CitiFinancial and Citifinancial Servicing LLC along with Wilmington failed to file a timely objection to debtors' treatment of their debt. Finally, all evidence points to the fact that the creditor was not caught by surprise and Wilmington knew that the claim the subject of the suit was involved in bankruptcy prior to their acquisition of the secured claim. Wilmington's notice of appearance was filed approximately one month (November 15, 2017) before they acquired the claim on December 13, 2017. After debtors filed their proof of claim on behalf of the creditor, Wilmington waited approximately nine months before attempting to amend the claim on October 30, 2018.

13. The Chapter 13 Trustee has filed a Motion to Dismiss against the debtors on the basis of the infeasibility of their plan of reorganization because of the increase of the amount due as a result of Wilmington's amendment to claim number 6. The debtors

are 62 and 89 years of age respectively. They are more than 460 days into their plan of reorganization. Having their case dismissed, even with the possibility of refilling, will greatly prejudice their chances for reorganization of this debt. Equity demands that Wilmington's late filed amendment to claim number 6 be disallowed as to the amount owed.

WHEREFORE ALL PREMISES CONSIDERED debtors respectfully request that this court enter an order that the Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust's amendment to proof of claim number 6 be stricken in every particular other than the identification of the payee for the debt and that the Chapter 13 Trustee be instructed to release the funds paid through debtors' Chapter 13 Plan to Wilmington towards complete satisfaction of Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust's debt or their successors.

Respectfully submitted,

LONE STAR LEGAL AID
140 East Tyler Street, Suite 150
Longview, Texas 75601-7240
(903) 758-9123; (903) 758-1817 FAX

  /s/ Robyn Ray Brumbelow
ROBYN RAY BRUMBELOW
Attorney for Debtors
State Bar No. 16606600
rbrumbelow@lonestarlegal.org

CERTIFICATE OF SERVICE

I hereby certify that a copy of the following document was served electronically, or by regular United States mail, to all interested parties, the Trustee, and to all listed creditors as attached, on this the 29th day of November 2018.

United States Attorney's Office
110 N College Ave
Suite 700
Tyler, TX 75702-0204

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

U.S. Attorney General Department of
Justice Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

Carrington Mortgage Services, LLC
Attention: Bankruptcy Department
1600 South Douglass Road
Anaheim, CA 92806
**Certified mail # 7016 2070 0001 0473 8055**

Carey D. Ebert
Chapter 13 Trustee
110 N. College Avenue, Suite 1200
Tyler, Texas 75702

Charlotte Lillian Tyler-Day
224 CR 1328
Rusk, Texas 75785

William Paul Day
224 CR 1328
Rusk, Texas 75785

Mr. Lee Gordon
McCreary Veselka Bragg & Allen, PC
Attorney at Law
P.O. Box 1269
Round Rock, Texas 78680

Mr. Alonzo Z. Casas
Aldridge Pite, LLP
4375 Jutland Dr.
P.O. Box 17933
San Diego, CA 92117
**Certified mail # 7016 2070 0001 0473 8062**

/s/ Robyn Ray Brumbelow
ROBYN RAY BRUMBELOW

7